# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5048 | DATE | August 5, 2004 |
| CASE TITLE | | Holly v. Filishio | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court grants the motion to dismiss of defendant Marilyn A. Filishio [13]. This action is dismissed with prejudice in its entirety.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 0 6 2004 date docketed | 20 |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | 2004 AUG -5 PM 1:51 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER HOLLY,

    Plaintiff,

v.      No. 03 C 5048

MARILYN A. FILISHIO,
Administrator State of Illinois    Judge Rebecca R. Pallmeyer
Circuit Court of Cook County
Official Court Reporters,
as an individual,

    Defendant.

AUG 0 6 2004

### MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Holly, currently an inmate at the Danville Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Marilyn A. Filishio, the Administrator of Court Reporting for the Circuit Court, denied him his First Amendment right of access to the courts by failing to furnish him with certain transcripts.[1] Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated in this opinion, the motion is granted.

I.    **Standard of Review**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the

---

[1] Plaintiff refers to his Sixth Amendment right of access to the courts. The right of access to the courts is in fact grounded in the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 406 n.1 (1996) (Stevens, J., dissenting).



plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

In addition, the court will also consider the allegations contained in all documents Plaintiff files with the court. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Documents attached to a pleading are considered to be part of the pleadings if they are referred to in the Plaintiff's complaint and are central to his claim. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993); *see also Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Further, the court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (*citing United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

## II.  Facts

Plaintiff alleges that on or about October 1, 2002, he wrote to Defendant requesting the transcripts of various court proceedings for use in preparing his petition for post-conviction relief. Defendant refused his request in a letter stating, "this is the last correspondence that you will be receiving from myself or my office." Plaintiff claims that the court transcripts are vital to preparing his post-conviction petition and that Defendant acted with deliberate indifference to his legal needs. As a result of Defendant's actions, Plaintiff alleges, the preparation of his post-conviction petition was "fully halted."

**III. Analysis**

Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a claim for denial of that right, however, a prisoner must demonstrate that the deprivation he suffered hindered his efforts to pursue a nonfrivolous legal claim and resulted in actual injury. As the Supreme Court explained in *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996), and reiterated in *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), a prisoner claiming that he was denied access to the courts must prove that he suffered an actual injury by showing that unjustified acts or conditions hindered his ability to pursue a nonfrivolous legal claim. To avoid dismissal at the complaint stage under Rule 12(b)(6), the plaintiff "must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Allegations sufficient to plead specific prejudice might include missed court deadlines, failure to make timely filings, or dismissal of legitimate claims. *Id.* at 656.

In the instant case, Plaintiff alleges that he requested his trial transcripts on or about October 1, 2002. The court notes, however, that the letter from which Plaintiff excerpted the statements quoted above is dated June 20, 2002, suggesting he made at least one request prior to that date. In fact, a review of the letter in its entirety demonstrates that Plaintiff was less than forthright when he made the allegations in his complaint.

The letter reads in its entirety:

June 20, 2002

Mr. Christopher Holly
R-12805
3820 E. Main St.
Danville, Il. 61834

> We have received your letter and I would like to inform you that this is the last correspondence that you will be receiving from myself or my office. It is not office policy for reporters to have an ongoing writing communication with people who are incarcerated, and the ordering of transcripts will be an ongoing process.

3

Please have your lawyer or your family or friends contact our office with the necessary information to get the transcripts you want. Our office will be more than happy to process the order.

You can inform them that they can call in the order at 773-869-6065 or come to 2650 S. California, fourth floor, to order the transcript. Please have them come with the necessary information, such as the date that you wish transcribed, Judge's name, Defendant's name and case number. We need all that information before we can process your order.

In your letter you stated you needed an estimate of cost for the numerous dates. Please inform your outside contact that they will need anywhere from $800 to $1,000 to order the dates that you requested in your letter.

I will keep your letter on file.

Official Court Reporter's Office

Contrary to Plaintiff's allegations, this letter does not demonstrate that Defendant was deliberately indifferent to his legal needs. To the contrary, although Defendant declined to do business with him directly, the Official Court Reporter's Office gave Plaintiff full information on how he could obtain his transcripts and gave him an estimate of their costs.

In any event, as Defendant explains, the record of Plaintiff's petition for post-conviction relief demonstrates that Plaintiff did not suffer any actual detriment because of Defendant's alleged refusal to correspond with Plaintiff as to his transcripts: Plaintiff's own exhibits show that he filed a Motion for Trial Transcripts and Common Law Records on February 28, 2003, seeking a transcript of the sentencing date in May 2002, on which he pleaded guilty, and numerous transcripts of proceedings involving his co-defendant. (Plaintiff's Response, Ex. A.) On March 31, 2003, the Circuit Court granted Plaintiff's motion for a free copy of the transcript of his May 22, 2002 plea of guilty; Plaintiff's request for other transcripts, in particular, those of his co-defendant, was denied. (Plaintiff's Response, Ex. B; Defendant's Reply, Ex. D.) The court notes that Plaintiff filed his complaint in this case on July 21, 2003, several months after the Circuit Court granted his motion to receive free transcripts. Some months later, on November 25, 2003, Plaintiff filed his petition for post-conviction relief. (Defendant's Motion to Dismiss, Ex. A.) On December 15, 2003,

the trial court denied the petition. (*Id.* Ex. B.) In short, Defendant's alleged refusal to correspond with Plaintiff did not halt or prejudice the filing of Plaintiff's petition for post-conviction relief.

## CONCLUSION

Defendant's refusal to have an ongoing correspondence with Plaintiff regarding his trial transcripts did not violate his First Amendment right of access to the courts. Defendant Marilyn A. Filishio's motion to dismiss (Doc. 13-1) is granted. This action is dismissed with prejudice in its entirety.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4) If he does so, he will be liable for the $255 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3). To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); FED. R. APP. P. 24(a)(1)(C).

ENTER:

Dated: August 5, 2004

REBECCA R. PALLMEYER
United States District Judge